SADIE DONLEY HOLBROOK *v.*
SHELBY APPLEBERRY, JR.

5-5463                                    463 S. W. 2d 100

Opinion delivered February 15, 1971

*Dickey, Dickey & Drake,* for appellant.

*Gill & Clayton,* for appellee.

LYLE BROWN, Justice. This is a dispute between adjoining landowners concerning their respective rights and responsibilities with respect to a drainage ditch which flows along their common boundary line, thence across appellant's land and into a bayou. The chancellor held that the ditch is a mutual or common ditch; that both parties possess a drainage easement across the lands of the other; that neither party can obstruct the drain without the consent of the other; that the parties are

entitled to have the ditch restored to its former depth and width; that each party should pay the expense of restoring and maintaining the ditch on his or her lands; that appellee should construct a crossing with a culvert at a point designated by appellant which would afford her a crossing to and from her lands; and that appellant should maintain the crossing. Appellant Holbrook here contends that it was error for the court to determine that a mutual or common ditch exists, and that appellee has lately added nine acres to his holdings and that the draining of the additional acreage constitutes an unauthorized burden on appellant.

A public highway and Amos Bayou in Desha County run side by side and form a crescent, with the parties' farms being inside the crescent. Appellee Shelby Appleberry, Jr., owns a tract of sixty-nine acres. Appellant, Mrs. Holbrook, owns 120 acres which border appellee on his south and west sides. That part of appellant's land which is on appellee's west side is between appellee's land and the highway and bayou. The following exhibit reflects the location of the lands, the drainage ditch, the highway, and the bayou.

Arrows point to ditch

The ditch starts at the southeast corner of appellee's land and traverses the edge of his south boundary. From the southwest corner of appellee's land the ditch

continues across appellant's lands. A culvert was placed under the highway to permit the water to flow into the bayou.

Appellee testified that the drainage ditch was constructed in 1952 under an oral agreement between Mr. and Mrs. Donley and appellee; that Mr. and Mrs. Donley contributed $75 to the construction cost and that appellee contributed $250; and that appellee drained sixty acres into the ditch and Mr. and Mrs. Donley drained 120 acres. (Mr. Donley later died and Mrs. Donley married a Holbrook.) A drain pipe was placed under the road by the county judge to connect with the bayou. Appellee said he paid for the labor, with the county judge furnishing the pipe. Appellee exhibited a cancelled check for $404.50 which he said he paid in 1958 to have the ditch cleaned out with a drag line. He testified that he informed Mrs. Holbrook of his intention to clean out the ditch and that she voiced no objection.

Witness Olan Fleming testified that he helped to dig part of the ditch in 1952 and 1953 and that he had heard Mr. Donley refer to the ditch as a joint ditch. Witness Jerry Haynes testified that he farmed the lands of Mrs. Holbrook from 1965 through 1968. He said that during that time the water drained from the Holbrook lands into the ditch and on out to the bayou.

Appellant testified that she did not remember her husband entering into any agreement concerning the ditch in question; and that her husband paid $75 for a ditch at another location. She said appellee used the ditch by permission only and that she had given him permission to clean out the ditch. On cross-examination she admitted that in 1960 she constructed a ditch along the east boundary line of her property and it connected with the common ditch.

We cannot agree with appellant that the findings of fact of the chancellor are not supported by a preponderance of the evidence. As to the law, this case is substantially similar to *Graves* v. *Wimpy*, 237 Ark. 368, 372 S. W. 2d 812 (1963). There the parties, acting in concert and under oral agreement, constructed a

drainage ditch in 1954 to serve both parties. "We think that appellant and appellee each have a right, in the nature of a license, to the unobstructed use of this community ditch," citing *Wynn* v. *Garland*, 19 Ark. 23 (1897). Also, see Thompson on Real Property, Vol. 2 § 225 (Repl. 1961).

Finally, appellant contends that appellee, at some time since 1952, has added additional burden on the drainage ditch. She points out that he has added nine acres of land to the drainage project and that he has commenced irrigating his crops. The issue, if raised by the pleadings, is not abstracted, nor is the point adequately developed by the proof. Additionally, appellant is practicing irrigation and she has added an auxiliary ditch on her east boundary which flows into the common ditch. If the common ditch is overburdened with water we cannot tell from the evidence which of the litigants is causing it.

Affirmed.